UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| O'NEIL PRODUCTIONS, INC.,<br>and TERENCE Q. O'NEIL | CIVIL ACTION |
| VERSUS | NO. 06-10804 |
| ABC SPORTS, INC.<br>and ESPN, INC. | SECTION "C" |

### ORDER AND REASONS

Before this Court are the parties' memoranda supporting or opposing Federal Subject Matter Jurisdiction,[1] pursuant to this Court's December 27, 2006 order for memoranda directed to that issue;[2] and the parties' memoranda supporting or opposing defendants' Motion(s) to Dismiss, or in the Alternative, Motion for a Change of Venue.[3]

Upon a thorough review of counsels' memoranda and applicable law, the Court has determined that subject matter existed at the time the action was filed and also when it was removed. In addition, for the convenience of the parties and the witnesses, the Court has determined that this action should be transferred to the District of Connecticut. For the reasons set forth below, defendants' motion to dismiss O'Neil Productions, Inc. as an improper party plaintiff is GRANTED; defendants' motion to dismiss the suit for improper venue is DENIED; defendants' motion for a change of venue is GRANTED.

---

[1] Fed. Rec. Doc. 16, 17, 20.
[2] Fed. Rec. Doc. 2.
[3] Fed. Rec. Doc. 3, 21.

**I.      Background and Procedural History**

Plaintiffs, Terence Q. O'Neil (O'Neil) and O'Neil Productions, Inc. (O'Neil Inc.) sued defendants ABC Sports, Inc. (ABC) and ESPN, Inc. (ESPN) on October 27, 2006 in the Civil District Court for the Parish of Orleans, State of Louisiana.[4] Plaintiffs filed an amended petition on November 3, 2006.[5] The suit alleges breach of contract and other violations of state law, including breach of the covenant of good faith and fair dealing, detrimental reliance, misappropriation, and unjust enrichment, in connection with the termination by defendants of an agreement whereby plaintiffs agreed to supply production services for defendants' figure skating television programs.[6]

Defendants removed the suit to the Eastern District of Louisiana on December 6, 2006, pursuant to 28 U.S.C. § 1332, alleging the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and that complete diversity existed. On the face of the pleadings submitted by both parties, the Court finds the jurisdictional amount is met. The original agreement between the parties totaled $275,000.00. Plaintiffs allege damages in the full amount of the agreement amount plus unspecified damages. Defendants allege plaintiffs received but did not cash a check for $89,534, the total amount they owed plaintiffs. Thus, the amount in controversy exceeds $75,000.

Defendants argue that complete diversity existed at the time of removal because plaintiff O'Neil was a citizen of Louisiana; plaintiff O'Neil Inc., a citizen of Connecticut, was fraudulently joined; defendant ABC was a citizen of New York with its principal place of business in New York; and ESPN, a citizen of Delaware and Connecticut, was

---

[4] Fed. Rec. Doc. 1, Notice of Removal, attachment 1: State Court Pleadings.
[5] *Id*.
[6] *Id*.

- 2 -

fraudulently joined and also is not subject to personal jurisdiction in Louisiana. In support of their claim of fraudulent or improper joinder,[7] defendants offer that: 1) O'Neil Inc. lacks the procedural capacity to bring suit in Louisiana; 2) O'Neil Inc. is merely an alter ego of O'Neil; and 3) O'Neil Inc. has failed to state a claim against the defendants, as the producer services were performed by O'Neil, and the check defendants issued to plaintiffs was made payable to O'Neil, not O'Neil Inc.

Defendants argue that O'Neil's domicile is Louisiana, as evidenced by his continued exercise of his civil and political rights, payment of taxes, ownership of real and personal property, place of business, and continued ownership of a home for his family.[8] Defendants argue that O'Neil Inc. is: 1) a foreign corporation, a citizen of Connecticut that has not filed a corporate report since 1992 and was dissolved on July 28, 2006;[9] 2) not authorized to transact business in Louisiana, as verified by the Louisiana Secretary of State Corporations Database,[10] and so lacks the procedural capacity to sue in Louisiana;[11] 3) without employees or a business address separate from O'Neil's residence in Greenwich, Connecticut; and so is merely the alter ego of O'Neil.[12] Therefore, defendants argue, O'Neil Inc. cannot establish a claim against the defendants, and was improperly joined.

---

[7] The Fifth Circuit officially refers to "fraudulent joinder" as "improper joinder." See *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).

[8] Fed. Rec. Doc. 16, attachments include documents from the Orleans Parish Assessor's office, showing O'Neil as owner, claiming a homestead exemption, of 1300 Peniston Street, New Orleans; Louisiana Secretary of State listings of several Louisiana LLCs for which O'Neil serves as registered agent, member, or manager, and citing his Peniston Street address as his domicile; Motor Vehicle records listing two vehicles owned by O'Neil, licensed and registered in River Ridge, Louisiana; and other documents.

[9] Fed. Rec. Doc. 16, attachments include documents from the Connecticut Secretary of State listing of the date of incorporation, last report filed, and dissolution date of O'Neil Productions, Inc.

[10] Fed. Rec. Doc 16, attachments include Louisiana Secretary of State listings showing no corporate filing or registration for O'Neil Productions, Inc.

[11] Pursuant to La. R.S. 314(A), *infra*.

[12] Defendants have propounded interrogatories and requests for production of documents and information about O'Neil Inc. (see attachments to Fed. Rec. Doc. 16).

Plaintiffs argue that the common citizenship of ESPN and O'Neil Inc., Connecticut, destroys complete diversity and the matter should be remanded to the Civil District Court for the Parish of Orleans. Plaintiffs argue that ESPN is a properly joined defendant, because ESPN's employees negotiated the agreement on which plaintiffs relied to their detriment,[13] and because ESPN did not raise the defense of lack of personal jurisdiction in their first pleadings. Plaintiffs argue that O'Neil Inc. has procedural capacity to sue in Louisiana because 1) La. R.S. 314(A)[14] is a state procedural, not substantive, law; 2) O'Neil Inc. has not been conducting business in Louisiana except for a three-year contract with the New Orleans Saints in 1997-1999, and a "nominal" role in residential construction in New Orleans, and so is not required to have a certificate of authority;[15] and 3) O'Neil Inc. is subject to a statutory exception to La. R.S. 314(A), namely La. R.S. 12:302(H), which provides that " '[t]ransacting any business in interstate or foreign commerce' is not considered transacting business in this state," and the transaction at issue in this case is an interstate transaction.[16]

---

[13] Fed. Rec. Doc. 17, attachments including Terence O'Neil affidavit.

[14] **314. Transacting business without authority**
A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary of state or a duly authenticated copy thereof.
B. The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state.
C. A foreign corporation which transacts business in this state without a certificate of authority shall be liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees and taxes which would have been imposed by law upon such corporation, had it duly applied for and received a certificate of authority to transact business in this state as required by this Chapter, and had thereafter filed all reports required by this Chapter, plus all penalties imposed by this Chapter for failure to pay such fees and franchise taxes. The Attorney General shall bring proceedings to recover all amounts due this state under the provisions of this section.
LSA-R.S. 12:314

[15] Fed. Rec. Doc. 17, attachments including Terence O'Neil affidavit.

[16] Fed. Rec. Doc. 17, page 19.

## II. Legal Standard

A party may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction. The removing party bears the burden of demonstrating that federal jurisdiction exists and removal was proper.[17] The removal statute should be strictly construed in favor of remand, and any ambiguities are construed against removal.[18]

For the convenience of the parties and witnesses, a federal court may transfer the suit to another district in which it could have been brought.[19]

## III. Analysis

### (1) Does Federal Subject Matter Jurisdiction Exist?

The defendants argue this Court has subject matter jurisdiction, and the Court agrees, finding complete diversity exists because plaintiff O'Neil Inc. is an improper plaintiff. Plaintiff O'Neil is a citizen of Louisiana; defendant ABC is a citizen of New York; and defendant ESPN is a citizen of Delaware and Connecticut. The Court finds, on the face of the pleadings, that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

In the Fifth Circuit, a claim of improper joinder to destroy diversity is viewed in a manner similar to a motion for summary judgment.[20] The Court may "pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."[21]

---

[17] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (C.A.5, La. 2002), citations omitted. See also 28 U.S.C.A. § 1441, Actions removable generally.

[18] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (C.A.5, La. 2002), citations omitted.

[19] **Change of venue**: (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C.A. § 1404.

[20] *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), cert. denied, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

[21] *Id.*

The improper joinder doctrine can be applied to the alleged improper joinder of a non-diverse plaintiff as well as the alleged improper joinder of a defendant.[22] When a removing defendant has alleged the improper joinder of a plaintiff in order to defeat diversity, the defendant must prove either: "(1) the non-diverse plaintiff cannot state a cause of action against the defendants in state court (for example, where the non-diverse plaintiff's claims are barred as a matter of law or the non-diverse plaintiff is not a real party in interest); or (2) the plaintiff has fraudulently pleaded jurisdictional facts to destroy complete diversity."[23]

Here the defendants argue that O'Neil Inc. cannot state a cause of action against the defendants in a Louisiana court. Defendants allege O'Neil Inc.'s claim is barred since it is a foreign corporation not authorized to do business in Louisiana, and therefore lacks the procedural capacity to sue in Louisiana.[24]

In Louisiana, a foreign corporation must be authorized to transact business in the state before it is permitted to bring suit in a Louisiana court.[25] The statute does not apply

---

[22] *Miller v. Home Depot, U.S.A., Inc.*,199 F.Supp.2d 502, 508 (W.D.La.,2001), citing *Elk Corporation of Texas v. Valmet Sandy-Hill, Inc.*, 2000 WL 303637 (N.D.Tex.2000); *Sims v. Shell Oil Company*, 130 F.Supp.2d 788, 796 (S.D.Miss.1999); *Lerma v. Univision Communications, Inc.*, 52 F.Supp.2d 1011, 1014 (E.D.Wis.1999); *Oliva v. Chrysler Corp.*, 978 F.Supp. 685, 689 (S.D.Tex.1997); *Nelson v. St. Paul Fire & Marine Insurance Company*, 897 F.Supp. 328, 331 (S.D.Tex.1995).

[23] *Miller v. Giesecke & Devrient America*, 2007 WL 518557 (N.D.Tex.), citing *Hodach v. Caremark Rx, Inc.*, 374 F.Supp.2d 1222, 1225-26 (N.D.Ga.2005).

[24] The Court notes that although neither party has raised the issue, if the agreement was negotiated with O'Neil Inc., then O'Neil is not a real party in interest, as he is not authorized to bring suit in his own name; likewise, if O'Neil negotiated the agreement, then O'Neil Inc. is not a real party in interest. See, for instance, 8 LACIVL § 31.01: "A corporation, whether domestic or foreign, is treated as a separate juridical person for procedural purposes. It has the exclusive capacity to sue as plaintiff on causes of action that are owned by the corporation itself. If a corporation is the owner of the cause of action involved, then the petition asserting the cause of action must be filed in the name of the corporation... Corporate shareholders, even if they own all of the stock in the corporation, do not possess a personal right of action to recover on corporate causes of action." (Footnotes omitted.)

[25] **Transacting business without authority**: A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary of state or a duly authenticated copy thereof… C. A foreign corporation

to a foreign corporation unless it is doing business in Louisiana.[26] A foreign corporation engaged totally in interstate commerce would be exempt.[27] However, a foreign corporation engaged in intrastate as well as interstate commerce can be required to qualify before being permitted to bring suit in state court.[28]

Here defendants allege, and plaintiffs do not dispute, that O'Neil Inc. is a foreign corporation, incorporated in Connecticut. As such, it would be required to obtain authorization from the Louisiana Secretary of State in order to transact business in Louisiana and to avail itself of the right to bring suit in Louisiana. Defendants offer and plaintiffs do not dispute that O'Neil Inc. has not obtained authorization to conduct business in Louisiana. Plaintiff O'Neil Inc. admits that it conducted business in Louisiana for a period of three years, from 1997 to 1999, working for the New Orleans Saints. In addition, O'Neil Inc. admits it conducted business in Louisiana afterwards, working in residential construction. Plaintiffs admit that the subject matter of this suit involved an interstate transaction. Therefore, since plaintiff O'Neil Inc. has engaged in intrastate as well as interstate transactions, it is required to qualify before being permitted to bring suit in a Louisiana court.

Whether a corporation is doing business in Louisiana is a mixed question of law and fact; the Court will consider all the facts connected with its operations when determining whether it must comply with the laws of the state for doing business in order

---

which transacts business in this state without a certificate of authority shall be liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees and taxes which would have been imposed by law upon such corporation, had it duly applied for and received a certificate of authority to transact business in this state as required by this Chapter, and had thereafter filed all reports required by this Chapter, plus all penalties imposed by this Chapter for failure to pay such fees and franchise taxes. The Attorney General shall bring proceedings to recover all amounts due this state under the provisions of this section. LSA-R.S. 12:314.
[26] *Kirkeby-Natus Corp. v. Campbell*, App. 4 Cir.1968, 210 So.2d 103.
[27] *Kirkeby-Natus Corp. v. Campbell*, App. 4 Cir.1968, 210 So.2d 103.
[28] *Hattiesburg Mfg. Co. v. Pepe, App.* 1 Cir.1962, 140 So.2d 449.

to be permitted to sue.[29] Were the suit dismissed for failure to comply with the state laws, a corporation would be permitted to bring suit again after compliance.[30]

The burden of proving a corporation is without procedural capacity is upon the party asserting the defense.[31] If the removing party succeeds in proving a corporation is without procedural capacity to bring suit in a state, then, "diversity jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld."[32] "Rule 21 permits parties to be 'dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.'"[33]

The Court considered the facts alleged in pleadings from defendants and plaintiffs, including the O'Neil affidavit and information provided by listings from the Louisiana and Connecticut Secretaries of State Corporate databases. The Court finds that the defendants have met their burden of proof that O'Neil Inc. lacks the procedural capacity to bring suit in Louisiana and is therefore not a proper plaintiff. In addition, since the corporation is dissolved, it cannot comply with Louisiana law and subsequently bring another suit. Consequently, the Court cannot give that which Louisiana has withheld, and O'Neil Inc. is hereby dropped as a party by order of this Court.

---

[29] *Kirkeby-Natus Corp. v. Campbell*, App. 4 Cir.1968, 210 So.2d 103.
[30] *West Pub. Co. v. Intrastate Pipeline Corp.*, App. 4 Cir.1971, 254 So.2d 643, writ denied 260 La. 405, 256 So.2d 290.
[31] *Kirkeby-Natus Corporation v. Campbell*, 210 So.2d 103 (La.App. 4 Cir. 1968); *Hattiesburg Manufacturing Co. v. Pepe*, 140 So.2d 449 (La.App. 1 Cir. 1962).
[32] *Angel v. Bullington*, 330 U.S. 183, 191-192, 67 S.Ct. 657, 662 (U.S. 1947).
[33] *Oliva v. Chrysler Corp.* 978 F.Supp. 685, 688 (S.D.Tex.1997), citing Fed.R.Civ.P. 21; *Lampliter Dinner Theater, Inc. v. Liberty Mutual*, 792 F.2d 1036, 1045 (11th Cir.1986) "Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court."; *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir.1977) "The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant."

The Court notes that even had the Court found procedural capacity to sue in Louisiana, defendants are correct in asserting that O'Neil Inc.'s citizenship should be disregarded for purposes of diversity because O'Neil Inc. is merely an alter ego for plaintiff Terence O'Neil.

Louisiana law concerning the alter ego doctrine was discussed by the Louisiana Supreme Court: "The policies behind recognition of a separate corporate existence must be balanced against the policies justifying piercing."[34] Whereas investor/shareholders are protected from liability as a matter of policy, "if the separate corporate capacity is asserted to evade a statutory restriction or regulation, abridgement, rather than abrogation, of the corporate entity privilege may be called for to prevent frustration of an important public regulatory policy without thwarting the basic goals of separate corporate capacity."[35]

When considering whether a corporation is merely an alter ego under Louisiana law, courts look at the totality of circumstances.[36] Factors usually considered relevant include: "(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings."[37] The Louisiana Fourth Circuit Court of Appeal has held that one basis for disregarding a corporate entity "involves the failure to conduct a business on corporate footing, thereby disregarding the corporate entity to such an extent that the corporation ceases to be distinguishable from its shareholders."[38]

---

[34] *Glazer v. Commission on Ethics for Public Employees*, 431 So.2d 752 (La. 1983).
[35] *Id*.
[36] *Huard v. Shreveport Pirate, Inc*., 147 F.3d 406, C.A.5 (La.) 1998.
[37] *Id*.
[38] *Kingsman Enterprises, Inc. v. Bakerfield Electric Co*., 339 So.2d 1280, 1283 (La.App. 4th Cir. 1976).

The defendants argue that O'Neil negotiated and provided freelance producer services. Defendants allege and plaintiffs have not disputed that O'Neil Inc. has no employees and no business address separate from O'Neil's residence.[39] O'Neil Inc. was incorporated in 1981 in Connecticut and has not filed an annual report in that state since 1992; it was dissolved on July 28, 2006. O'Neil Inc. offers no evidence that it was conducting business in such a way as to be distinguishable from its sole shareholder. Defendant ABC also offers that it sent a check for payment of earned services upon termination of the agreement, made payable to O'Neil, not O'Neil Inc., although the check was not cashed.

Considering the totality of the circumstances, the Court finds that defendants have met their burden of proof that O'Neil Inc. is merely an alter ego of plaintiff O'Neil. Consequently, the Court hereby exercises its discretion to disregard the citizenship of O'Neil Inc. to protect defendants' right to proceed in federal court.

**(2) Should O'Neil Inc., be dismissed, and should the suit be dismissed for improper venue or transferred to the District of Connecticut?**

Defendants argue that O'Neil Productions, Inc. should be dismissed from the suit because it lacks the procedural capacity to file suit in Louisiana. As discussed infra, the Court finds that O'Neil Productions, Inc. was not a property party plaintiff in the original action, filed in Orleans Parish Civil District Court. Consequently, O'Neil Productions, Inc. hereby is dismissed as a party to this action.

Defendants also move for dismissal of the entire suit for improper venue. The Court finds that this is not an appropriate solution. Rather, in the interests of justice, the

---

[39] Discovery has been propounded regarding this issue, see supra.

Court exercises its discretion, for the convenience of the parties and the witnesses, to transfer this suit to the District of Connecticut.

The decision whether to transfer venue under § 1404(a) rests within the discretion of the district court.[40] The trial court considers "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."[41] Factors include the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of view of the premises, if appropriate, and all other practical matters that make the trial of a case easy, expeditious, and inexpensive.[42]

The motion for transfer to the District of Connecticut was made jointly by both defendants, one a citizen of New York, the other a citizen of Delaware and Connecticut.[43] Neither defendant has any ties with Louisiana. Neither corporation is authorized to do business in Louisiana. Each sample agreement, negotiated but never signed, had a choice of law provision selecting either New York or Connecticut law. The plaintiff offers no evidence that Louisiana law was ever contemplated as the law that would apply in the event of any dispute arising from the agreement. The defendants argue that none of the parties, witnesses, or documents relevant to the case is located in Louisiana. None of the services performed in accordance with the agreement before its termination took place in Louisiana. O'Neil's termination was effected in Connecticut. The plaintiff O'Neil

---

[40] *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989).
[41] *Id.*, quoting 15 C. Wright, A. Miller & E. Cooper, Fed. Prac. and Proc. § 3847, at 370 (1986).
[42] *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir.1964); *Fountain v. John E. Graham and Sons*, 1991 WL 28980, 1 (E.D.La.1991).
[43] The Court notes that ESPN reserved its right to challenge its addition as a defendant to this suit. The Court expresses no opinion in this matter, finding it best left for the finder of fact in the new district.

currently resides in Connecticut, and has lived there since September, 2005. Finally, the Court notes that dockets in the Eastern District of Louisiana are currently experiencing a dramatic increase in the number of cases as a result of Hurricanes Katrina and Rita.

The only factor favoring plaintiff is that he chose to proceed in Louisiana. Plaintiff argues that remand is the appropriate remedy to defendants' motion, but his memorandum does not address the issue of venue, and so offers no substantive reasons favoring a denial of transfer. While plaintiff's decision to proceed in Louisiana is significant, it is not enough in this case to alter the strength of the other uncontradicted factors. Thus, the balance of relevant factors strongly favors transfer, and the Court finds it proper and appropriate to transfer this matter pursuant to § 1404(a) to the District of Connecticut.

### IV.   Conclusion

Having considered the complaint, memoranda and applicable law, it is determined that defendants have demonstrated that subject matter jurisdiction exists in this case, that that removal was proper, and that a change of venue is appropriate.

Accordingly, **IT IS ORDERED** that defendants' motion to dismiss O'Neil Productions, Inc. as an improper plaintiff is **GRANTED**; defendants' motion to dismiss the suit for improper venue is **DENIED**; defendants' motion for a change of venue is **GRANTED**; and, pursuant to 28 U.S.C.A § 1404, this matter is transferred to the District of Connecticut.

New Orleans, Louisiana this 19th day of April, 2007.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE